IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENT BOURLAND,

      Plaintiff,                                     No. CIV S-09-3195-KJM-CMK

      vs.

CITY OF REDDING, et al.

      Defendants.                                 <u>ORDER</u>

_____/

        Plaintiff Kent Bourland filed five motions in limine on December 24, 2012, seeking to exclude evidence that may be offered by defendants. (ECF 32, 33, 34, 35, and 36.) On December 31, 2012, defendants filed oppositions to these motions (ECF 39, 40, 41, 42 and 43) and plaintiff filed his replies on January 7, 2013 (ECF 45, 46, 47, 48).

        The following motions have been decided based upon the record presently before the court. Each ruling is made without prejudice and is subject to proper renewal, in whole or in part, during trial. If a party wishes to contest a pretrial ruling, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds. *See* FED. R. EVID. 103(a); *Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 689 (9th Cir.2001) ("Where a district court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.")

1

(alteration, citation and quotation omitted). In addition, unless otherwise stated below, challenges to expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) are denied without prejudice. Should a party wish to renew a *Daubert* challenge at trial, it should alert the court, at which point the court may grant limited voir dire the day before such expert may be called to testify.

I.      Motion to Exclude Evidence of Plaintiff's Dupuytren's Contracture Condition

Plaintiff wishes to exclude evidence concerning a medical condition he has called Dupuytren's Contracture in his right wrist.  (ECF 32.)  Dupuytren's Contracture is "a condition where the fascia, which is the layer . . . just under the skin in the palms, thickens and shortens . . ." causing the hand to form a claw-like shape.  (Dep. of Stephen P. Ferraro, Jr., M.D. at 5:8-15, ECF 32.)  The condition is "commonly believed to be an inherited condition common to males of northern European ancestry."  (*Id.* at 6:15-17.)  Plaintiff testified that Dupuytren's Contracture did not impact his work but that he decided to undergo surgery in case it worsened. (Kent Bourland Dep. at 9:19-24, 11:4-8, ECF 32.)  Dr. Stephen P. Ferraro performed the surgery in January 2007.  (Ferraro Dep. at 12: 4-5.)  Before surgery, plaintiff's ring finger was contracted approximately thirty degrees; other digits were affected less severely.  (*Id.* at 5:21-25.)

The doctor who performed the surgery stated there is some evidence that trauma can worsen the condition.  (*Id.* at 8:6-11.)  However, Dupuytren's Contracture, according to Dr. Harvinder Birk, who treated plaintiff after defendants arrested him on November 20, 2008, does not increase the risk of suffering compression of the ulnar nerve, which is the wrist injury that plaintiff asserts defendants caused when he was handcuffed.  (Dep. of Harvinder Birk, M.D. at 4:14-24, ECF 32.)

As there is no connection between Dupuytren's Contracture and compression of the ulnar nerve, plaintiff argues that evidence of his condition should be excluded as irrelevant under Federal Rule of Evidence 402.  (ECF 32 at 2.)  In response, defendants contend that evidence of Dupuytren's Contracture is relevant because any pre-existing condition in plaintiff's

2

hand would impact the extent to which ulnar nerve compression affects the use of plaintiff's wrist. Additionally, defendants argue that plaintiff's experience getting surgery for Dupuytren's Contracture is relevant to whether plaintiff would suffer harm from undergoing a procedure for ulnar nerve compression, which is at issue in the case. (ECF 39 at 3.)

Relevant evidence is that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401, 402; *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009). Plaintiff's argument that evidence of his Dupuytren's Contracture is irrelevant is convincing and the court will exclude it. Based on the evidence that plaintiff provides, there is no indication that the condition ever led to an impairment of the use of his hand that would be compounded by his ulnar nerve compression, particularly because plaintiff received surgery correcting the contracture. Defendants have provided no evidence showing otherwise. Moreover, defendants have not explained the connection they allege between plaintiff's surgery with Dr. Ferraro and any harm associated with surgery that plaintiff would potentially receive for ulnar nerve compression.

The court GRANTS plaintiff's motion to exclude evidence of plaintiff's Dupuytren's Contracture.

II.     Motion to Exclude Evidence of Prior Incidents Between Plaintiff and His Wife

Plaintiff requests that evidence of several events that occurred before his arrest be excluded. (ECF 34.) Specifically, plaintiff would like to exclude evidence that (1) on the night plaintiff was arrested and several other times in the past, Katie Bourland, plaintiff's wife, and their two daughters left their house because Katie wished to avoid argument and possible physical confrontation with plaintiff (Katie Bourland Dep. at 33:17-34:19, ECF 34); (2) on several occasions, plaintiff threw objects when he and his wife fought, and he once broke a window (*id.* at 43:14-45:1); (3) the night plaintiff was arrested, Katie told officers either that she wanted the "cycle to end" or used the term "cycle of violence" (*id.* at 62:4-24); (4) plaintiff made

3

1  suicidal statements to Katie several times, including in April 2008, when Katie called police and
2  told them she was concerned plaintiff might kill himself (*id.* at 82:1-84:16); (5) plaintiff shoved
3  Katie when she was walking down steps sometime in or around December 2007 (*id.* at 84:17-
4  86:5); (6) Katie often accused plaintiff of "financial infidelity" (*id.* at 20:2-6).

Plaintiff argues that none of this evidence is relevant because he has already conceded there was probable cause for his arrest. (ECF 34 at 3.) Additionally, he argues that it is inadmissible character evidence under Federal Rule of Evidence 404. (*Id.* at 4.) Defendants assert that the evidence is not offered as character evidence, but is relevant to explain why plaintiff's family called police and to explain why defendant police officers arrested plaintiff and chose to use the police dog. (ECF 41 at 3, 5-6.) The relevance of those incidents accordingly depends on whether defendant officers were aware of them before they arrested plaintiff. *See Chew v. Gates*, 27 F.3d 1432, 1442 n. 9 (9th Cir. 1994). In their opposition brief, defendants argue that the arresting officers knew about Katie's "cycle of violence" comment, referencing the excerpts of her deposition provided by plaintiff. (ECF 41 at 2.) But it is not clear from these portions of her testimony whether the officers knew about the comment before the arrest. "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." FED. R. EVID. 104(b). Defendants have not demonstrated that the arresting officers were aware of the disputes between plaintiff and his wife and thus have not shown that the evidence is relevant.

Plaintiff's motion to exclude this evidence is GRANTED, without prejudice to defendants' seeking reconsideration by providing evidence sufficient to support a finding that the officers knew about the above-listed incidents before the arrest.

III.    Motion to Exclude Evidence of Plaintiff's Alcohol Consumption

Plaintiff asks the court to exclude evidence that he or his wife characterized plaintiff as an alcoholic and evidence about his alcohol consumption in general, except evidence

4

about his drinking the night of his arrest. (ECF 33, 46.) He argues that this evidence is irrelevant. (*Id.*) Defendants agree not to refer to plaintiff as an alcoholic, but argue that information about habitual alcohol consumption is relevant to plaintiff's history of domestic violence. (ECF 40 at 2-3.) As explained in the previous section, previous disputes between plaintiff and his wife that the arresting officers did not know about are not relevant to plaintiff's excessive force claim. Defendants also appear to argue that plaintiff's alcohol consumption is relevant to the credibility of his testimony about his arrest. (*Id.* at 4.) However, plaintiff does not seek to exclude evidence of his drinking the night he was arrested, and defendants do not explain how information about plaintiff's general drinking habits is relevant to his credibility.

Accordingly, plaintiff's motion to exclude evidence about his alcohol consumption, with the exception of the night he was arrested, is GRANTED.

IV.   Motion to Exclude Evidence that Plaintiff Took Effexor

Plaintiff requests that the court exclude evidence that he took the prescription medication Effexor. (ECF 35.) As defendants state that they do not plan to offer this evidence (ECF 42), plaintiff's motion is GRANTED.

V.   Motion to Exclude Testimony of Dr. Richard N. Robertson

Plaintiff asks the court to exclude the testimony of Dr. Richard N. Robertson, an expert witness retained by defendants. Robertson's curriculum vita, attached to his Rule 26 Report, indicates that he is an expert in biomechanics of injury. (Rule 26 Report at 43, ECF 23.) He has a bachelors in physical education from the University of Ottawa, a masters in human kinetics from the University of Windsor and a Ph.D. in Biomechanics from the University of Illinois at Champaign-Urbana. (*Id.*) He has been a professor at numerous universities and is a prolific writer of articles published in scientific journals. (*Id.* at 43, 48-55) Robertson would testify (1) that the handcuffing during plaintiff's arrest was unlikely to cause injury to his ulnar nerve; (2) handcuffing would most likely cause injury to the radial nerve, rather than the ulnar nerve; (3) injury to the ulnar nerve most likely would have caused visible trauma to the wrist and

1  plaintiff's medical history did not reference such symptoms; (4) research studies show that
2  individuals whose ulnar or medial nerves have been injured by handcuffs generally report pain as
3  soon as the handcuffs are applied.  Plaintiff's police report and preliminary medical records do
4  not indicate that he felt pain as soon as he was handcuffed.  (*Id.* at 9-10.)

5       Under Federal Rule of Evidence 702

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The court is obligated to perform a "gatekeeping" function to ensure that expert testimony is both relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert*, 509 U.S. at 589.  The court must determine if the offered testimony is "(1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592.  "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (citations and quotations omitted).

Plaintiff does not dispute Robertson's expertise in biomechanics, but he offers several reasons why the court should not permit Robertson to testify about the likelihood that handcuffing caused plaintiff's ulnar nerve compression; plaintiff notes in particular that Robertson is not a medical doctor and says therefore he is not qualified to offer a medical opinion.  (ECF 36 at 6-7.)  Robertson's background as a biomechanics expert does not qualify him to testify regarding medical causation.  In *Smelser v. Norfolk Southern Railway Co.*, the Sixth Circuit Court of Appeals held that a biomechanics expert witness's opinion that the failure

6

of the plaintiff's seatbelt during a collision caused plaintiff's neck injury should have been excluded during trial. 105 F.3d 299, 305 (6th Cir. 1997). This testimony was outside the expert witness's background in biomechanics. *Id.* Other courts have reached similar conclusions. The court in *Bowers v. Norfolk Southern Corp.* explained that biomechanics experts "typically are found to be qualified to render an opinion as to the forces generated in a particular accident and the general types of injuries those forces may generate," rather than the cause of a specific injury. 537 F. Supp. 2d 1343, 1377 (M.D. Ga. 2007). The court in *Bowers* excluded one such witness's opinion regarding whether locomotive vibration had caused a plaintiff's back injury. *Id. See also Berner v. Carnival Corp.*, 632 F. Supp. 2d 1208, 1213 (S.D. Fla. 2009) (biomechanics engineer could testify as to whether force applied to head was "*sufficient* to have caused an injury of the type [the plaintiff] alleges to have suffered," but not whether the force caused the injury). Here, Robertson proposes to testify as to whether handcuffs could cause the type of injury that plaintiff received, as well as present his opinion that the handcuffs here most likely did not cause plaintiff's ulnar nerve compression. The court will allow Robertson to testify only as to the first opinion; the second part of Robertson's intended testimony is outside the scope of his expertise as a biomechanics expert.

Plaintiff's motion is GRANTED in part and DENIED in part as set forth herein.

DATED: January 11, 2013.

_____
UNITED STATES DISTRICT JUDGE